UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DR. CYRIL KENDALL, The World's
Most Unique Man,

           *Plaintiff*,

    -against-

ANDREW M. CUOMO, BRIAN FISCHER,
WILLIAM J. CONNOLLY, A. MAUME,
A. PELC, K. KLEIN, JOSEPH R. PIERSMA,
JUSTIN M. SORENSON, NURSE PETERSON,
MR. KURTZWORTH, DEBRA HIGGS,
C.O. GRIFFIN

           *Defendants*.

-------------------------------------------------------------X

12 Civ. 3438 (ALC)(RLE)

**ORDER AND OPINION**

**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiff Cyril Kendall moves for default judgment against all Defendants for moving to dismiss the Amended Complaint rather than the original complaint. Kendall filed his original Complaint on April 30, 2012. Service was effectuated on the various defendants in mid- and late June 2012, with answers due in early to mid-July 2012. The earliest answer date was July 5, 2012 and the latest date was July 17, 2012. However, before any of the answers were due on the original complaint, Kendall filed an Amended Complaint on June 28, 2012.

    The Amended Complaint was not successfully served on Defendants until August 31, 2012 at the earliest and has not successfully been served on Defendants Piersma, Connolly, Maume, Pelc and Klein. The Defendants filed a motion to dismiss "the Amended Complaint" on

1

Copies mailed by Chambers.

August 17, 2012 (Dkt. No. 21) and filed another motion to dismiss the Amended Complaint on October 26, 2012 (Dkt. No. 43).[1] Kendall moved for default judgment on October 16, 2012.

However, Kendall has not followed the two-step process for filing for default under Fed. R. Civ. P. 55. Rule 55 creates a two-step process for the entry of a default judgment. New York v. Green, 420 F.3d 99, 104 (2d Cir.2005). "Prior to obtaining a default judgment under either Rule 55(b) (1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." Getty Images (US) Inc. v. Advernet, Inc., No. 09 Civ. 1895(KNF), 2010 WL 4536995, at *3 (S.D.N.Y. Nov. 23, 2010) (quoting 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682). This process "requires first that the clerk of the court enter the party's default indicating that a party has failed to plead or otherwise defend." Lifeng Chen v. New Trend Apparel, Inc., No. 11 Civ. 324(GBD)(MHD), 2013 WL 612478, at *4 (S.D.N.Y. Feb. 23, 2012) (collecting cases) (citations and internal quotation marks omitted).

The clerk's "entry" of default, pursuant to Fed.R.Civ.P. 55(a) "simply is an official recognition of the fact that one party is in default, as, for example, for failure to comply with the rules, to appear as scheduled, or to prosecute the case with due diligence." Getty Images, 2010 WL 4536995, at *3 (quoting 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682). A party seeking entry of default by the clerk must first apply for a certificate of default by the Clerk pursuant to Fed. R. Civ. P. 55(a). The application must include "an affidavit showing (1) that the party against whom a notation of default

---

[1] The August 17 motion was brought by all Defendants (except Piersma who had not been served the original complaint). The October 26 motion to dismiss was only brought by Defendants who had been served the Amended Complaint, i.e., Defendants Cuomo, Fischer, Sorensen, Peterson, Kurtzworth and Higgs.

2

is sought is not an infant, in the military, or an incompetent person; (2) that the party has failed to plead or otherwise defend the action; and (3) that the pleading to which no response has been made was properly served." S.D.N.Y. Local Rule 55.1.

"Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." Green, 420 F.3d at 104. In this district, the party seeking default judgment must attach to their motion the clerk's certificate of default and a proposed default judgment form. S.D.N.Y. Local Rule 55.2(b).

Notably, Kendall has not sought, nor been issued, a certificate of default from the Clerk of the Court. Therefore, he did not meet the first step for obtaining an entry of default judgment and his motion must be denied. See Dunkin' Donuts Franchised Rests. LLC v. Got–A–Lot–A–Dough, Inc., 2008 WL 4861968, *4 (E.D.N.Y. Oct. 31, 2008) (denying, without prejudice, motion for default judgment "as the motion does not include a certificate of default"). However, as all Defendants who had been served have since moved to dismiss the respective complaint against them, the motion for default judgment is further denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

Dated:   September 26, 2013
         New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge

3